# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAIAS ESCALANTE, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:18-cv-00980-PX |
| TOBAR CONSTRUCTION, INC. | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Tobar Construction, Inc.'s ("Tobar") Motion to Dismiss (ECF No. 4) and its supplemental motion. ECF No. 16. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies the motions.

### I. Background

Tobar employed Plaintiffs Isaias Escalante, Carlos Escalante, and Ignacio Maldonado to assist in the construction of the MGM Resort Casino at National Harbor. ECF No. 12 ¶ 1. Pursuant to the Project Manual issued by the General Contractor, Tobar required Plaintiffs to report to Rosecroft Raceway, rather than to the construction site. *Id.* ¶¶ 2, 28. Every morning, Plaintiffs waited in line for a bus to take them from the Raceway to the construction site. *Id.* ¶ 2. Likewise, at the end of each shift, Tobar required Plaintiffs to wait in line for a bus to take them back to the Raceway. *Id.* During the travel, Plaintiffs each carried twenty pounds of tools. *Id.* Tobar did not allow Plaintiffs to park at, or otherwise be transported to and from, the construction site. *Id.* This was the case even though each Plaintiff lived closer to the construction site than they did the Raceway. *Id.* ¶ 53, 63, 74. Altogether, Plaintiffs spent between 1.5 and 2 hours each shift either waiting or traveling by bus between the Raceway and

the construction site. *Id.* ¶ 4. Tobar never compensated Plaintiffs for any of the mandated travel time. *Id.*

On April 5, 2018, Plaintiffs filed suit on behalf of themselves and a putative class of Tobar employees, alleging violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. § 3-501, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. § 3-401, *et seq.*; and the common law doctrine of unjust enrichment. ECF No. 1. Plaintiffs did not serve Tobar until August 8, 2018. ECF No. 7.

Initially, Plaintiffs' counsel calendared service for 60 days after filing the Complaint, so as to monitor a similar case pending in Circuit Court for Prince George's County, Maryland that involved a different subcontractor at the construction site. Plaintiffs had been contemplating amendment to the Complaint in this case based on the outcome of the Prince George's Circuit Court case. ECF No. 19 at 7–8.

On the 61st day, Plaintiffs asked the Clerk to reissue the summons. ECF No. 3. When a new summons did not issue, a relatively inexperienced administrative assistant from Plaintiffs' counsel's law firm discussed this matter with an individual in the Clerk's Office. The Clerk's Office told the assistant that "summonses never expire." ECF No. 19-3 ¶ 4. The assistant misconstrued the significance of that statement, and effectively took it to mean that no deadline existed to serve the Complaint. *Id.* ¶ 5. Accordingly, the assistant did not calendar any further deadline by which the Complaint had to be served. *Id.* Because of this error, Plaintiffs served Tobar 34 days after the time under Rule 4(m) had elapsed. ECF No. 7.

Tobar thereafter moved to dismiss for untimely service of process, lack of jurisdiction, and failure to plead damages with specificity. ECF No. 4. In response, Plaintiffs amended their Complaint to include a claim under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.* ECF No. 12. Tobar filed a supplemental motion to dismiss, which mirrored, in large part, its original motion but also argued that Plaintiffs' FLSA claim is barred by the statute of limitations. ECF No. 16. The Court addresses each argument in turn.

## II. Timeliness of Service

For motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(5), "the plaintiff bears the burden of establishing the validity of service." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). The court may construe Rule 4 liberally if service gave the defendant "actual notice of the pending action." *Id.* "Nevertheless, 'the rules [of service] are there to be followed, and plain requirements for the means of effective service of process may not be ignored." *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 520947, at *2 (D. Md. Feb. 5, 2016) (quoting *Armco, Inc. v. Penrod-Slauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Rule 4(m) states in pertinent part that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Tobar, in seeking dismissal, relies principally on the United States Court of Appeals for the Fourth Circuit in *United States v. Mendez*, to argue that dismissal is warranted because Plaintiffs cannot demonstrate good cause to excuse untimely service. The Court in *Mendez*, interpreting an earlier iteration of Rule 4(m), held that the rule compelled dismissal for untimely service "absent a showing of good cause." *Mendez v. Elliot*, 45 F.3d 75, 78 (1995). This Court is not convinced that *Mendez* compels the outcome that Tobar seeks. *Cf. Hansan v. Fairfax Cty.*

3

*Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010).  To explain why requires careful assessment of the interplay between developing jurisprudence and amendment to the Rule itself.

When *Mendez* was decided, the Rule in question had recently been amended.  *Mendez*, without analysis, treated the new Rule 4(m) as if it were substantively the same rule as its predecessor, Rule 4(j).  *Mendez*, 45 F.3d at 78.  However, in comparing the two Rules, clearly it was not.  Rule 4(j) had provided that:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, *the action shall be dismissed* as to that defendant upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1988) (emphasis added).

By contrast, Rule 4(m), amended in 1993, now read:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time*; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (1993) (emphasis added).

Notably, the 1993 amended Rule stated, in the alternative, that a court may dismiss the case or direct service to be effected within a specified time, without reference to a good cause showing.  *Id.*  By contrast, upon a good cause showing, an extension of time for service is mandatory, not discretionary.  Accordingly, courts in this district rightfully questioned whether *Mendez* properly reached the new Rule 4(m), but have ultimately adhered to its basic holding.  *Chen v. Mayor & City Council of Balt.*, 292 F.R.D. 288, 292 (D. Md. 2013), *aff'd*, 546 F. App'x

187, 188 (4th Cir. 2013).[1]

The Fourth Circuit in *Mendez*, however, has stood alone in holding that, absent good cause, a district court cannot extend time for service. Since the 1993 amendments, the majority of Circuits have held that a district court may, in its discretion, enlarge the service period even absent good cause. *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).[2] The Supreme Court has also noted in dicta that the 1993 amendments to the Rule "accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p.654).

To add to the confusion, the Fourth Circuit has also noted in unpublished decisions that

---

[1] The Fourth Circuit affirmed *Chen* without analysis. *Chen*, 546 F. App'x at 188. Significantly, however, the United States Supreme Court granted certiorari in *Chen* to decide "[w]hether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held[.]" *Chen v. Mayor & City Council of Balt.*, 135 S. Ct. 475 (2014). Ultimately the Supreme Court dismissed the petition because the petitioner, acting pro se, failed to meet a briefing deadline. *Chen v. Mayor & City Council of Balt.*, 135 S. Ct. 939 (2015), *petition for reh'g denied*, 135 S. Ct. 1485 (2015) (mem.).

[2] A minority of Circuits have not squarely decided whether good cause must be shown to justify extending time for service under Rule 4(m). *See Diaz-Rivera v. Supermercados Econo, Inc.*, 18 F. Supp. 3d 130, 135 (D.P.R. 2014) (noting that district courts within the First Circuit are divided); *Rose v. Bersa*, 327 F.R.D. 628, 634–35 (S.D. Ohio 2018) (analyzing seemingly inconsistent Sixth Circuit decisions and concluding that Rule 4(m) grants courts discretion for enlargement of time absent good cause); *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 n.2 (D.D.C. 2014) (noting that the District of Columbia Circuit has not "explicitly adopt[ed]" the interpretation of Rule 4(m) that grants discretion, but finding discretion is appropriate absent good cause); *Bd. of Trs. of Leland Stanford Junior Univ. v. Motorola, Inc.*, 314 F. App'x 284, 289 (Fed. Cir. 2008) (unpublished decision finding that courts have discretion to enlarge time for service absent good cause).

5

where "plaintiff can show excusable neglect for his failure to serve," the 1993 version of Rule 4(m) permits the Court to extend the time for service. *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010); *see also Giacomo-Tano v. Levine*, 199 F.3d 1327 (Table), 1999 WL 976481, at *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district may in its discretion grant an extension of time for service."); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, 198 F.3d 237 (Table), 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("[W]e regard the [Supreme] Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary.").[3]

Against this backdrop, Rule 4(m) was once again amended in 2015.[4] Although the amendment changed the time for service from 120 to 90 days from the filing of the Complaint, the substance of the Rule remained largely the same. If anything, the 2015 amendment appears to clarify the Rule in a manner supporting court discretion to extend the time for service even absent good cause. The 2015 version states that if a plaintiff fails to serve the complaint within 90 days, the court *must* dismiss *or* "order that service be made within a specified time." Fed. R. Civ. P. 4(m) (2015). However, where good cause is shown, the rule expressly provides only one option to the Court: extend time for service. *Id.* ("*But* if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") ( emphasis added). The amendment, therefore, states even more clearly than in 1993 that a district court has two options where no good cause is shown—dismiss or extend time for service—whereas upon a

---

[3] In *Scruggs*, the Fourth Circuit also noted that "it is questionable whether we would even have the authority, as a panel, to overrule our court's precedent in *Mendez*, given that the Supreme Court's statement in *Henderson* as to the meaning of Rule 4(m) was *dicta*." *Scruggs*, 1999 WL 957698, at *2 n.2.

[4] After the 2015 Amendments, Rule 4(m) reads, in relevant part, identically to the current Rule 4(m). *Compare supra* p. 3 (providing current language of Rule 4(m)), *with* Fed. R. Civ. P. 4(m) (2015).

6

good cause showing, the court may only extend time, and not dismiss.

In this respect, the amendment is consistent with the growing judicial consensus that the court may extend time for service even absent good cause. The drafters of the 2015 Amendment "surely adopt[ed] and incorporate[d]" the well-accepted interpretation of Rule 4(m). *Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 584 (E.D. Va. 2016); *cf. Manhattan Props. v. Irving Tr. Co.*, 291 U.S. 320, 388 (1934) ("[The Act] was amended seven times without alteration of the section. This is persuasive that the construction adopted by the courts has been acceptable to the legislative arm of the government."). This Court agrees that "subsequent enactment of similar or identical language" against this robust jurisprudence "is intended to capture and to reflect that well-established judicial gloss." *Robinson*, 193 F. Supp. 3d at 583 (citing *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998)).

As a result, since the 2015 amendments, district courts in this Circuit have determined that "*Mendez* is no longer the controlling authority in the Fourth Circuit because, contrary to former Rule 4(j), Rule 4(m) no longer *requires* a court to dismiss a complaint absent a showing of good cause." *Robertson v. Beacon Sales Acquisition*, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018) (citing *LHF Prods., Inc. v. Does*, No. 3:16cv284, 2016 WL 7423094, at *6 n.11 (E.D. Va. Dec. 22, 2016)). Indeed, the amendments "effectively abrogated cases applying a prior version" of the amended rule where such cases are in conflict with the rule's current meaning. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (interpreting Rule 26); *see also* 28 U.S.C. § 2072(b) ("All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.").

Moreover, even if the amended Rule 4(m) is ambiguous in this respect, the Committee's note strongly supports that the drafters substantively changed the rule in 1993 to allow courts

7

discretion to extend the time for service absent good cause. Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.") (emphasis added). This discretion also makes good sense, as it gives judges the discretion necessary to fulfill the fundamental principle that Courts must, where possible, decide cases on the merits. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

Accordingly, this Court joins its colleagues in finding that, in light of the 2015 amendment to Rule 4(m), *Mendez* no longer controls the analysis. *Lee v. Hagerstown Goodwill Indus., Inc.*, No. RDB-16-1364, 2017 WL 1364755, at *2 (D. Md. Apr. 14, 2017); *see also Broome v. Iron Tiger Logistics, Inc.*, No. 7:17cv444, 2018 WL 3978998, at *2 (W.D. Va. Aug. 20, 2018); *Lostutter v. Olsen*, No. 1:16-cv-1098, 2017 WL 3669557, at *5 n.4 (M.D.N.C. Aug. 24, 2017); *Robinson*, 193 F. Supp. 3d at 584. The Court therefore exercises its discretion to afford the parties full resolution on the merits and extends the time to serve the Complaint on Tobar up to and including August 8, 2018.[5]

Alternatively, to the extent the Fourth Circuit requires Plaintiffs to demonstrate excusable neglect, such a showing is made here. Plaintiffs' counsel has articulated a sound justification for

---

[5] This Court admittedly has not always viewed this matter as it does today. *Cf. Gbane v. Capital One, NA*, No. PX-16-701, 2016 WL 3541281, at *2 (D. Md. June 29, 2016). Further, if pressed to decide whether Plaintiffs met the good cause requirement, the Court would be compelled to find they had not. "Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service" but the efforts were nonetheless thwarted. *Chen*, 292 F.R.D. at 293 (quoting *Hai Xu v. FMS Fin. Sols., LLC*, No. ELH-10-3196, 2011 WL 2144592, at *2 n.3 (D. Md. May 31, 2011)) (internal quotation marks omitted). "Inadvertence or neglect of counsel is not 'good cause.'" *United States ex rel. Moore v. Cardinal Fin. Co.*, No. CCB-12-1824, 2017 WL 1165952, at *7 (D. Md. Mar. 28, 2017). The confusion surrounding the Clerks' Office conversation cannot be laid alone at the Clerk's feet. *Cf. Hoffman*, 379 F. Supp. 2d at 786 (citing *Patterson v. Brady*, 131 F.R.D. 679, 684–85 (S.D. Ind. 1990), where the court extended the time for service for a *pro se* plaintiff whose failure to serve was attributed to the Clerk's office's inaccurate advice and delay in appointing counsel). Rather Plaintiffs' counsel is partially to blame where administrative assistants remove critical dates such as time for service without consultation or appreciation for the gravity of such errors.

not serving the Complaint for 60 days and acted consistently with calendaring time for service in conformity with Rule 4(m). ECF No. 19-1 ¶¶ 4, 7 (setting an internal calendar reminder with sufficient time to effect service and seeking reissuance of summons). Despite a well-reasoned calendaring plan in place, counsel's administrative assistant misunderstood her conversation with the Clerk's Office and removed service dates altogether from the calendar. Although clearly "neglect," it is excusable. Plaintiffs' counsel initially delayed service for sound strategic reasons and exhibited every intention of serving the Complaint in a timely manner. Further, Tobar has not suffered any prejudice from the 34-day delay. *See LHF Prods.*, 2016 WL 7423094, at *6 (granting third motion to extend time to serve where defendant would suffer no prejudice). By contrast, dismissal may very well bar Plaintiffs from re-pleading their claims. *See Sandhir v. Little*, No. 1:17CV102, 2018 WL 4144454, at *4 (N.D. W. Va. Aug. 30, 2018) (finding that when a statute of limitations could bar the refiling of claims, it weighs in favor of extending the time for service); *see also* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."). Accordingly, this Court exercises its discretion to extend the time for service through August 8, 2018, the date when Tobar received the summons. *See* ECF No. 7-1. Tobar's motions to dismiss for insufficient service of process are denied.

### III. Failure to State a Claim

Tobar also seeks dismissal on limitations grounds because Plaintiffs' FLSA claim does not sufficiently allege willfulness. ECF No. 16-1 at 3–4. In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the well-pleaded allegations are accepted as true and viewed most favorably to the party pursuing the allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to

9

raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). "[C]onclusory statements or 'a formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

Tobar contends that dismissal is warranted because the Complaint is devoid of facts supporting an inference of willfulness necessary to support the FLSA's three-year statute of limitations. FLSA violations generally must be brought within two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The employer acts willfully when it "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 491 (D. Md. 2017) (quoting *Aguilar v. Alcoa Concrete & Masonry, Inc.*, No. TDC-15-0683, 2015 WL 6756044, at *2 (D. Md. Nov. 4, 2015)).

Because challenges on limitations grounds are defenses, "plaintiffs do not need to allege specific facts that the defendant willfully violated the FLSA." *Aviles-Cervantes*, 276 F. Supp. 3d at 491 (quoting *Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 WL 6621997, at *9 (D. Md. Nov. 20, 2014)) (internal marks omitted). On this basis alone, the Court is reluctant to dismiss the claim on limitations grounds prior to any discovery. That said, the Complaint avers facts sufficient to support that Tobar acted willfully for purposes of the FLSA. Every day for several months, Tobar mandated that Plaintiffs begin their workday from the Raceway and travel, with

heavy tools, to the construction site. Tobar allowed for no deviation from this plan, despite Plaintiffs' residing closer to the construction site than the Raceway. Even though Tobar made this travel component an integral part of the workday, Tobar never paid its workers for this time. ECF No. 12 ¶ 25. At a minimum, the averred facts allow the plausible inference that Tobar acted with reckless disregard as to the legality of its "travel" policy. *See Aguilar*, 2015 WL 6756044, at *2. Tobar's motion to dismiss the FLSA claim is denied.

Tobar's remaining arguments can be addressed summarily. Before Plaintiffs added the FLSA claim, Tobar moved to dismiss the state claims for lack of subject matter jurisdiction. After the Amended Complaint, Tobar renewed its argument on subject matter jurisdiction "[i]n the event the Court grants Defendant's 12(b)(6) motion as to [the FLSA claim]." ECF No. 16-1 at 4. Tobar similarly sought dismissal pursuant to Rule 12(b)(6) for failure to aver a specific amount in controversy for the state claims. Because the FLSA claim remains, the Court retains federal question jurisdiction. *See Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 600 (D. Md. 2014); *see also Klar v. Fed. Nat'l Mortg. Ass'n*, No. 3:13-cv-00462-JAG, 2014 WL 106177, at *3 (E.D. Va. Jan 8, 2014) (finding jurisdiction where plaintiffs amended the complaint to add federal claims after motion to remand). Accordingly, the Court need not reach whether diversity jurisdiction exists. Nor does Tobar provide any legal justification for dismissal pursuant to Rule 12(b)(6) simply because a specific damages amount has not been pleaded. Indeed, Tobar relies singularly on *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017), which concerned only the sufficiency of the amount in controversy for purposes of diversity jurisdiction. Tobar's motion to dismiss the state law claims on 12(b)(1) grounds, therefore, is denied as moot, and denied outright on 12(b)(6) grounds.

## IV. Conclusion

For the foregoing reasons, Tobar's motions to dismiss are denied. ECF Nos. 4, 16. A separate Order follows.

1/3/2019_____ \_\_\_/S/_____
Date                                                                          Paula Xinis
                                                                              United States District Judge